# GEORGE LANDY ET AL.
*vs.*
# SAMUEL COHEN

Superior Court          Hartford County          File No. 69301

MEMORANDUM FILED SEPTEMBER 30, 1943.

*Harry Tulin,* of Hartford, for the Plaintiffs.

*Saul Seidman,* of Hartford, for the Defendant.

McEVOY, J.   The record shows that writ and complaint was dated on March 30, 1943.

It further shows that the officer, to whom the process was given for service, made a return that on the third day of April, 1943, he left a true and attested copy of the original writ, sum-mons and complaint with and in the hands of the within named. defendant.

The officer's return also shows that prior to April 3, 1943, he garnisheed certain funds belonging to the defendant in the hands of a local bank; that he made an attachment of certain property belonging to the defendant, within his precincts, and that he also accepted a bond in the sum of $3,500 in lieu of attachment of certain property belonging to the defendant.

The record further shows that on April 15, 1943, Saul Seidman, Esq., entered his appearance as attorney for the plaintiffs; that, thereafter, by application filed on May 28, 1943, Saul Seidman, Esq., applied for permission to withdraw his appearance as attorney for the plaintiffs and that, on June 4, 1943, motion was granted and Saul Seidman was permitted to withdraw as attorney for the plaintiffs.

On May 25, 1943, Saul Seidman entered his appearance as attorney for the defendant and that appearance appears as a matter of record.

Thereafter Saul Seidman, Esq., appearing as attorney for the defendant, on June 23, 1943, filed an answer on behalf of the defendant and, in that answer, by way of special de-fense, the defendant alleged:

"1. He is a resident of Connecticut, and has lived in Hart-ford for several years.

"2. He was not served in the alleged action nor has he ever been or received a copy of the complaint therein. "WHERE-FORE, he prays that the complaint be dismissed."

Thereafter on August 3, 1943, the plaintiffs filed a demurrer to the special defense as follows:

"1. The officers return on the writ shows that service was made at the last·and usual place of abode of the defendant.

"2. Even if the Court should find that service was defective, or even that no service was made at all, a general appearance and answer to the merits were filed on behalf of the defendant by the law firm of Kabatznick, Stern and Gesmer which waives defect as to service."

The officer's return shows that certain property was garnisheed and that certain other property, belonging to the defendant, was attached and that the defendant furnished a bond in substitution of that attachment.

That was sufficient to give this court jurisdiction of the *res* — as distinguished from jurisdiction of the person.

When the defendant entered an appearance as he did, by an attorney, that was sufficient to give the court jurisdiction over the person.

The demurrer searches the record as to both of these phases of the matter.

The filing of a general appearance, on behalf of the defendant, by his duly appointed attorney authorized to do that, was a waiver, on the part of the defendant, of any defect in the service upon the defendant.

By the attachment of the property of the defendant, within the jurisdiction, the court obtained jurisdiction of the *res*. By the filing of a general appearance on behalf of the defendant, the court obtained jurisdiction of the person of the defendant.

The demurrer to the special defense is sustained.